IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RANDY SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 5:17-cv-00529-OLG |
| § | |
| WELLS FARGO BANK, N.A., § | |
| § | |
| Defendant. § | |

## WELLS FARGO BANK N.A.'S FIRST AMENDED ORIGINAL ANSWER

COMES NOW Defendant Wells Fargo Bank N.A. ("**Wells Fargo**") and files this First Amended Original Answer ("**Answer**") to Plaintiff Randy Smith's ("**Smith**" or "**Plaintiff**") Original Petition, and any amendments or supplements thereto:

### PARTIES

1. Wells Fargo admits that Plaintiff Randy Smith filed the above-captioned lawsuit, as removed. On information and belief, Wells Fargo understands Plaintiff to be a Texas resident and that the address listed is for his counsel in this lawsuit.

2. Wells Fargo admits that it does business in Bexar County, Texas. Wells Fargo admits that it is available for service of process at the address specified.

### JURISDICTION

3. The allegations in Paragraph 3 are legal conclusions to which no response is necessary.

4. Wells Fargo admits that the amount in controversy exceeds $75,000 and that this dispute is between Wells Fargo and a citizen of Texas. This case has been removed to Federal Court. These jurisdictional allegations and discovery plan pursuant to the Texas Rules of Civil

Procedure are moot. The remaining allegations in Paragraph 4 are legal conclusions to which no response is necessary.

## FACTS

5. Wells Fargo admits that it served as the Trustee of a Trust for which Plaintiff was a beneficiary (the "Trust") following the death of Plaintiff's parents. Wells Fargo admits that it provided "great service" to Plaintiff. Wells Fargo denies the remaining allegations in paragraph 5.

6. Wells Fargo denies the allegations in Paragraph 6.

7. Wells Fargo denies the allegations in Paragraph 7.

## CAUSES OF ACTION

8. Wells Fargo denies the allegations in Paragraph 8.

9. Wells Fargo denies the allegations in Paragraph 9.

10. The allegations in Paragraph 10 are legal conclusions to which no response is necessary.

11. Wells Fargo admits that it charged fees in connection with its administration of the Trust. Wells Fargo denies the remaining allegations in Paragraph 11.

12. The allegations in Paragraph 12 are legal conclusions to which no response is necessary.

13. The allegations in Paragraph 13 are legal conclusions to which no response is necessary.

14. Wells Fargo denies the allegations in Paragraph 14.

15. The allegations in Paragraph 15 are legal conclusions to which no response is necessary.

16. Wells Fargo denies the allegations in Paragraph 16.

17. Wells Fargo denies the allegations in Paragraph 17.

18. Wells Fargo denies the allegations in Paragraph 18.

19. Wells Fargo denies the allegations in Paragraph 19.

20. Wells Fargo denies the allegations in Paragraph 20 to the extent that they characterize Wells Fargo's conduct. The remaining allegations in Paragraph 20 are legal conclusions to which no response is necessary.

21. The allegations in Paragraph 21 are legal conclusions to which no response is necessary.

22. Wells Fargo denies the allegations in Paragraph 22.

23. The allegations in Paragraph 23 are legal conclusions to which no response is necessary.

24. Wells Fargo can neither admit nor deny Plaintiff's allegations related to his retention of counsel and related legal services. The remaining allegations in Paragraph 24 are legal conclusions to which no response is necessary.

25. Wells Fargo denies the allegations in Paragraph 25 to the extent that they allege that Wells Fargo is the proximate cause of Plaintiff's injuries. The remaining allegations in Paragraph 25 are legal conclusions to which no response is necessary.

26. Paragraph 26 concerns discovery under the Texas Rules of Civil Procedure, and no response is necessary.

27. Paragraph 27 concerns discovery under the Texas Rules of Civil Procedure, and no response is necessary.

28. Paragraph 28 concerns discovery under the Texas Rules of Civil Procedure, and no response is necessary.

**DEFENSES**

Without assuming any burden or obligation other than that imposed by operation of law, Wells Fargo asserts the following defenses:

a. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

b. Plaintiff's claims are barred, or alternatively limited, by waiver, ratification, consent, and estoppel.

c. Wells Fargo invokes all rights, defenses, limitations of liability, assumptions of responsibility, waivers, releases, and exculpatory language under any and all applicable contractual agreements, including Trust agreements, implicated by Plaintiff's claims. Plaintiff provided Wells Fargo inadequate information and too little time to support the distributions that he sought from the corpus of the Trust.

d. At all times, Wells Fargo acted in accordance with reasonable commercial standards, industry custom, in good faith, with ordinary care, and in accordance with Texas law.

e. At all times, Wells Fargo acted in good faith and in accordance with the provisions of, and limitations as to liability within, Sections 5.3 and 5.7 of the relevant trust agreement.

f. Plaintiff's claims are barred, or alternatively limited, by the Trust agreement's grant of sole and absolute discretion to Wells Fargo as to the distribution of additional amounts from the principal of the Trust as is necessary for emergency health needs, or the support of Plaintiff, should his health situation prohibit him from supporting himself.

g. Plaintiff's claims are barred, or alternatively limited, by Plaintiff's failure to mitigate damages and take reasonable actions to avoid losses in their entirety. Plaintiff has failed to take reasonable actions to manage his health and vision issues.

h. Wells Fargo invokes the defenses of contributory negligence and comparative fault that bar, or alternatively, limit Plaintiff's claims. In this regard, Plaintiff's claims against Wells Fargo are precluded, in whole or in part, under TEX. CIV. PRAC. & REM. CODE ANN. § 33.001, and Wells Fargo reserves the right to seek and obtain findings of proportionate responsibility under Texas Civil Practice & Remedies Code, Chapter 33. Plaintiff failed to adequately budget for his expenses, maintain health insurance, or adequately, responsibly, and timely seek funds and care for his medical and vision needs.

i. Wells Fargo's acts or omissions were not the proximate or producing cause(s) of Plaintiff's alleged damages. On April 21, 2016, Plaintiff contended that his right retina was already detached, that he had already completely lost sight in his right eye, that he had developed an infection in his left eye, and that he was "informed to be prepared to only regain very minimal sight back."

j. The alleged injuries and damages were proximately caused by the acts and omissions of one or more third parties over whom Wells Fargo had no control and no duty to control. Alternatively, Plaintiff's alleged damages were caused by factors outside of Wells Fargo's control. Each such factor was an intervening and superseding cause of Plaintiff's alleged injuries.

k. Plaintiff's claims are barred, or alternatively limited, because he fails to qualify as a consumer under the Texas Deceptive Trade Practices Act ("**DTPA**") and has no

standing to assert claims under the DTPA.  As a beneficiary of the Trust, Plaintiff is not a "consumer" and is not entitled to bring an action under the DTPA against Wells Fargo as Trustee. Any benefit derived by Plaintiff as beneficiary is incidental to the main purpose of the orderly administration of the Trust on behalf of the settlors and Plaintiff cannot assert a DTPA claims as a third party beneficiary to a transaction to which he is not a party.

l. Plaintiff's claims are barred by its own fraud on Wells Fargo, his own inequitable conduct, and unclean hands.

m. Plaintiff's claims are barred, or alternatively limited, by Plaintiff's failure to satisfy conditions precedent and prior material breaches of contract, including, but not limited to: timely notice of requests for discretionary withdrawals; failure to provide reasonable and customary documentation for withdrawals; failure to provide invoices and receipts; and failure to provide true and accurate information regarding resources available to Plaintiff and discretionary funding requests.

n. Plaintiff's claims are barred by the doctrines of laches and equitable estoppel. Plaintiff waited until 2017 to assert his claims concerning incidents that allegedly occurred in 2013 and 2016.  Plaintiff waited until after he convinced Wells Fargo to distribute the entirely of the Trust principal to him—funds which otherwise could have been used to reimburse Wells Fargo for legal expenses—to assert his claims related to the Trust.

o. Plaintiff's claims are barred, or alternatively limited, by any applicable indemnification agreements and the provisions, powers, duties, rights, or limitations of liability pursuant to the Texas Property Code.

p.  Plaintiff's alleged damages are too remote and unforeseeable to be recovered for the reasons described herein.

## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Wells Fargo prays that Plaintiff take nothing by reason of this lawsuit, that Wells Fargo recover any costs, including reasonable attorneys' fees, to which it may be entitled, and for all other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

Dated: October 4, 2017                NORTON ROSE FULBRIGHT US LLP

/s/ Ashley Senary Dahlberg
   Michael W. O'Donnell
   State Bar No. 24002705
   mike.odonnell@nortonrosefulbright.com
   Ashley Senary Dahlberg
   State Bar No. 24075051
   ashley.dahlberg@nortonrosefulbright.com
300 Convent Street, Suite 2100
San Antonio, TX  78205-3792
Telephone:     (210) 224-5575
Facsimile:     (210) 270-7205

Counsel for Defendant Wells Fargo Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that this pleading, Defendant's Original Answer, was served on counsel of record in compliance with the Federal Rules of Civil Procedure on October 4, 2017 as follows:

Gregory T. Van Cleave
Albert W. Van Cleave III, PLLC
1502 W. Hildebrand
San Antonio, TX 78201
210-341-6588 Telephone / 210-701-8481 Facsimile
greg_v@hotmail.com

>   */s/ Ashley Senary Dahlberg*
>   Ashley Senary Dahlberg